UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM G. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:12CV181 SNLJ |
| UNKNOWN HACK, et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 506811), an inmate at Cooper County Detention Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $26.80. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $134.00, and an average monthly balance of $43.80. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $26.80, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Southeastern Correctional Center ("SECC"). Named as defendants are: Unknown Hack (correctional officer); Unknown Arnold (correctional officer); Unknown Cooley (correctional officer); Unknown Murry (correctional officer); and Unknown Walters (correctional officer). Plaintiff brings this action against all of the defendants in both their individual and official capacities.

Plaintiff asserts that on or about October 10, 2010, he was placed in a cell at SECC that had an active sewage leak. He asserts that he complained about the sewage leak to all of the named defendants and asked each of the defendants to move him from the cell, but his requests were denied.

Similarly, plaintiff claims that his requests to each of the defendants for cleaning supplies to clean the sewage from the floor were also denied, as he was told that inmates were not allowed to have mops in the cells, and he was only provided with a disinfectant once per week. He asserts that he and his cellmate were made to clean the sewage from the floor on their hands and knees with only paper towels that they had in the cells, which made him ill.

Plaintiff states that he was kept in the cell with the active sewage leak, and made to eat and sleep in the cell for approximately one month. Plaintiff complains that he was told that a work order had been given "to maintenance" to have the sewage leak fixed, but that the sewage leak was never fixed during the one month he was confined in the cell. He states that the fumes and the smell from the sewage leak, along with the constant sloshing through the leak on the floor, caused both he and his roommate to be ill. Plaintiff claims that defendants joked and laughed about the noxious fumes coming from his cell, and he states that the defendants jokingly threatened to issue he and his cellmate conduct violations for having an unsanitary cell.

Plaintiff asserts that on or about November 8, 2010, he slipped and fell on the wet, sewage-covered floor when jumping down from his bunk to report to med call. (Plaintiff claims that he was given the top bunk in his cell and that the inmates were not provided with ladders in the cells.) Plaintiff asserts that when he fell he severely

hurt his back, but rather than provide him with a new cell to recover from his injury, the defendants made him move his mattress to the sewage-covered floor and lay down there.  Plaintiff claims that defendants should have anticipated such a fall given the unsafe and hazardous environment in the cell.

**Discussion**

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety.  E.g., Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995).  Plaintiff's allegations state an Eighth Amendment claim against defendants in their individual capacity for unconstitutional conditions of confinement.

The Court also finds that plaintiff's deliberate indifference claim to his medical needs, also brought under the Eighth Amendment, states a claim.  Plaintiff asserts that he was in severe pain after suffering a back injury due to falling on a wet, sewage-covered floor.  He claims that defendants knew of the pain he suffered, but instead of moving him to a bottom bunk in a different cell or placing him in the medical unit, they told him to place his mattress on a sewage-covered floor.  As stated, this is enough to state a claim for deliberate indifference to his medical needs.

Last, the Court also finds that plaintiff has stated a claim against defendants in their official capacity, under the theory that defendants engaged in a custom of unconstitutional conduct, for failing to remedy an unsafe health or safety risk to plaintiff. A "custom" is a persistent widespread pattern of unconstitutional conduct of which officials have notice and subsequently reacted with deliberate indifference or tacit authorization. Mettler v Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff asserts that defendants knew of the unsafe environment in his cell for at least one month but failed to act to remedy the issue. He further asserts that defendants made fun of the noxious state of his cell, refused to provide him with cleaning supplies to remedy the unsafe and hazardous conditions, and that, although they told him that they had notified maintenance to have the sewage problem remedied, maintenance never appeared. As stated, plaintiff's assertions are enough to state a claim against defendants in their official capacity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $26.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.  Defendants, who are employees of the Missouri Department of Corrections, shall be served through the waiver agreement the Court maintains with the Missouri Office of the Attorney General.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 17th  day of January, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE